CHRISTINA SULLIVAN CASTRO
CA B# 328326
**HACKING IMMIGRATION LAW, LLC**
10121 Manchester Rd, Suite A,
St. Louis, MO 63122
Telephone: (314) 961-8200
Facsimile: (314) 961-8201
E-mail: csullivan@hackingimmigrationlaw.com

*Attorneys for Plaintiff Qing Shao*

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QING SHAO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve: Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522,<br><br>U.S. EMBASSY IN BEIJING, CHINA,<br><br>Serve: Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522,<br><br>MARCO RUBIO, United States Secretary of State,<br><br>Serve: Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW | Case No. 5:26-cv-1434 |

Washington, DC 20522,

and;

DAVID PERDUE, Ambassador of the United States at the U.S. Embassy in Beijing, China,

Serve: Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S H-1B NON-IMMIGRANT VISA APPLICATION**

COMES NOW Plaintiff Qing Shao to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed non-immigrant visa application.

**PARTIES**

1. Plaintiff Qing Shao is a citizen of China, currently residing in Beijing, China.

2. Plaintiff Qing Shao is the beneficiary of an approved H-1B non-immigrant visa. Plaintiff is a Staff Engineer, R&D Engineering at Sandisk Technologies Inc., located at 951 Sandisk Dr, Milpitas, CA 95035. Sandisk Technologies Inc., spun off Western Digital Technologies Inc., on September 28, 2024.

3. Plaintiff's employer filed an I-129 Petition for Non-Immigrant Worker with the United States Citizenship and Immigration Services on Plaintiff's behalf on April 20, 2023. The case was assigned Receipt Number IOE8459036858. This Petition was approved on May 10, 2023.

4. Plaintiff paid the applicable visa fees and submitted all necessary documents to the Defendants. The DS-160 was submitted on July 8, 2025, and the case was assigned Case Number AA00ESTVZV.

5. The State Department conducted Plaintiff's visa interview on or about August 15, 2025.

6. Since then, the Defendants refuse to issue the non-immigrant stamp to Plaintiff.

7. Defendants continue to refuse to issue the visa stamp and refuse to provide information as to when, if ever, the visa stamp may be issued. This has produced a tremendous hardship on the Plaintiff.

8. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the Department of Homeland Security and managing Defendant Embassy of the United States in Beijing, China, and which is responsible for implementing the non-immigrant visa provisions of the law.

9. Defendant Embassy of the United States in Beijing, China (hereinafter sometimes referred to as "the Embassy") is a component of the DOS that is responsible for processing visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

10. Defendant Marco Rubio, Secretary of State, is the highest ranking official within the DOS. Rubio is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Rubio is sued in his official capacity as an agent of the government of the United States.

11. Defendant David Perdue is the Ambassador of the United States at the U.S. Embassy in Beijing, China. They are being sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

12. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

13. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff has significant ties to this district as she intends to return to reside in California at 769 Caldwell Place, Santa Clara, CA, 95051, and work at Sandisk Technologies Inc., which is within this district, once the visa stamp is issued.

14. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Plaintiff's visa application.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

16. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-

discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

17. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

18. The Defendants claim that the visa application filed by Plaintiff is currently undergoing "administrative processing."

19. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the visa application.

20. Further, § 1201(g) itself does not support the proposition that a consular officer's non-issuance of a visa following a consular interview amounts to a "final refusal[] as a matter of law" because "§ 1201(g) merely contains the (expansive) criteria for refusing an application; it does not establish when or whether, as a matter of law, an application has been refused." *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 288 (D.D.C. 2016).

21. Courts have "consistently recognized" that "where the application is still undergoing administrative processing, even where a refusal has been relayed, the decision is not final." See, e.g., *Nusrat v. Blinken*, 2022 WL 4103860, at *5 (D.D.C. Sept. 8, 2022). See also *Sharifi v. Blinken*, No. 23-cv-5112, 2024 WL 1798185, at *1, *3-5 (E.D.N.Y. Apr. 25, 2024) ("a decision under Section 221(g) was 'not a final agency action'").

22. The combined delay and failure to act on the visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

23. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

24. Plaintiff has exhausted all administrative remedies available to Plaintiff in pursuit of a resolution of this matter, including repeatedly requesting the processing of her case with the Defendants.

25. Furthermore, Plaintiff has contacted the Office of U.S. Senator Adam B. Schiff. All to no avail.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

26. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by denying Plaintiff the ability to come to the U.S. to fulfill the purpose of the non-immigrant visa. Plaintiff has suffered tremendous hardship and the uncertainty has impacted her career directly. In addition, this delay and uncertainty is also negatively impacting Plaintiff's employer, as Sandisk Technologies Inc., is suffering severe setbacks as they wait for Plaintiff's H-1B visa stamp to be issued and for Plaintiff to return to the United States, Plaintiff's employer

is eagerly awaiting Plaintiff's return to the United States as her presence is critical for an upcoming product tape-out.

30. Additionally, this delay and uncertainty is jeopardizing Plaintiff's employment at Sandisk Technologies Inc., as Plaintiff's employer has a strict policy of not allowing employees to work in China for more than 2 months per year. If Plaintiff's visa stamp is not issued promptly, Plaintiff will be put on unpaid leave by her employer, further impacting Plaintiff's finances. If Defendant's delay and uncertainty continue, Plaintiff may be transferred to her Employer's Shanghai office, which will further impact her finances as her salary will decrease, which will directly impact her ability to cover the mortgage of her place at 769 Caldwell Place, Santa Clara, CA, 95051.

31. Furthermore, due to Defendants' delay and their failure to act, Plaintiff has been unable to provide the emotional and physical support her husband needs while living in two separate countries, as Plaintiff's husband is currently residing at 769 Caldwell Place, Santa Clara, CA, 95051.

32. Finally, the combined delay and failure to act by Defendants has irrevocably harmed Plaintiff, as the delay and uncertainty has taken a tremendous toll on Plaintiff's mental health.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Qing Shao requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate the visa

pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue the H-1B visa stamp to Plaintiff;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the visa application;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
February 19, 2026

***/s/Christina Sullivan Castro***

Christina Sullivan Castro – CA Bar # 328326
Hacking Immigration Law, LLC
10121 Manchester Rd., Suite A
St. Louis, MO 63122
Phone: 314.961-8200
Fax: 314.961.8201
Email: csullivan@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**QING SHAO**